# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BRUNER, | CASE NO. 1:07-cv-01531-LJO-SMS PC |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| WASCO STATE PRISON, et al., | (Doc. 1) |
| Defendants. | |

**I.   SCREENING ORDER**

**A.   Procedural History**

Plaintiff is an inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 22, 2007.

**B.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534
3  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a
4  short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
5  Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's
6  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the
7  liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,
8  490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not
9  supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union
10 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
11 (9th Cir. 1982)).

12 **C.     Plaintiff's Complaint**

13 Plaintiff complains of events that occurred while he was incarcerated at Wasco State
14 Prison ("WSP") in Wasco, California. Plaintiff names three defendants: Wasco State Prison; P.
15 Vasquez, Warden, and Nurse Woolfolk, LVN.

16 Plaintiff alleges that on September 4, 2007 he arrived at WSP, from Ventura County with
17 a staph infection. Plaintiff advised Nurse Woolfolk about the infection and that he had prior
18 physician orders for antibiotics and for his wound dressing to be changed daily. Nurse Woolfolk
19 responded that she did not care and refused to treat Plaintiff. The next day, September 5, 2007,
20 another nurse started to change Plaintiff's wound dressing, but Nurse Woolfolk stopped that nurse
21 from doing so. Plaintiff advised Nurse Woolfolk that he would be filing a grievance against her,
22 to which Nurse Woolfolk threatened Plaintiff with "retrobutions" (sic). Plaintiff filed a grievance
23 that same day. The very next day, September 6, 2007, prison physicians prescribed two
24 antibiotics and daily dressing changes for Plaintiff. On September 6, 2008 and September 8,
25 2008, Nurse Woolfolk prevented Plaintiff from seeing the optometrist for impaired vision issues
26 and from receiving breathing treatments for his asthma. On September 13, 2007, Nurse Woolfolk
27 confronted and verbally abused Plaintiff making it clear that he would continue having difficulty
28 receiving medical treatment at WSP. On September 30, 2001, Plaintiff filed the final level of his

inmate grievance(s) in Sacramento and, that same day, informed Warden Vasquez of "the entire situation." (Doc. 1, pp.3 & 4.)

Plaintiff seeks monetary damages and injunctive relief in the form of proper medical treatment. Plaintiff's claim for injunctive relief is moot since he is no longer incarcerated at WSP. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff states some cognizable claims, and may be able to amend to correct deficiencies in his pleading so as to state additional cognizable claims. Thus, he is being given the applicable standards and leave to file a first amended complaint.

### C. Plaintiff's Complaint

#### 1. *Claims Against WSP – a State Agency*

Plaintiff names WSP as a defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). WSP is part of the California Department of Corrections, which is a state agency. Thus, it is entitled to Eleventh Amendment immunity from suit.

#### 2. *Claims against Nurse Woolfolk*

##### a. *Deliberate Indifference to Serious Medical Needs*

Plaintiff appears to allege that Nurse Woolfolk was deliberately indifferent to his serious medical needs.

3

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's allegations that he had a staph infection which required antibiotics and daily dressing changes establishes the existence of a serious medical need. Being diagnosed with asthma also qualifies as a serious medical need. However, Plaintiff fails to allege facts sufficient for the Court to determine whether his "impaired vision" would qualify as a serious medical need.

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (*per curiam*); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985)

(*per curiam*).

Plaintiff alleges that Nurse Woolfolk denied and delayed his dressing changes and receipt of antibiotics.  However, Plaintiff fails to allege what, if any, harm he sustained from the delay in either treatment.  Thus, Plaintiff's claims against Nurse Woolfolk for denial and/or delay of his dressing changes and antiobiotics are not cognizable at this time.

Plaintiff also claims that on September 6, 2008 and September 8, 2008, he submitted requests for medical treatment for his impaired vision and asthma, but that Nurse Woolfolk prevented him from seeing the optometrist and doctors for necessary breathing treatments.  However, Plaintiff once again fails to allege what, if any harm he sustained from the delay in either treatment.  Thus, Plaintiff's claims against Nurse Woolfolk for denial and/or delay of his being seen by an optometrist and by doctors for necessary breathing treatments are not cognizable at this time.

Prison officials are also deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." Estelle, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992) (reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curium) (reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970) (finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician).  The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990) (finding a cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication);

5

Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987) (finding a cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987) (finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by Estelle, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976) (recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

Plaintiff states that, on arrival at WSP, he told Nurse Woolfolk that he had a staph infection and a doctor's order for antibiotics and daily dressing changes. Nurse Woolfolk responded that she did not care, and both refused to treat Plaintiff and to allow Plaintiff's dressing to be changed by another nurse the next day. Plaintiff further states that he filed an inmate appeal that same day, and the next day the prison physicians ordered he be given antiobiotics and daily dressing changes. Thus, Plaintiff states a cognizable claim against Nurse Woolfolk for deliberate indifference to his serious medical needs based on her acts of ignoring prior physician orders for antibiotics and daily dressing changes issued by Plaintiff's previous physician(s).

### b. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-

68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff states a cognizable claim against Nurse Woolfolk for retaliating against him by threatening to, and then making it difficult for Plaintiff to receive medical treatment at WSP because he filed an inmate grievance against her.

### 2. *Claims against Warden Vasquez*

As to Warden Vasquez, Plaintiff alleges that on September 30, 2007 he both filed a grievance to the final level in Sacramento and informed Warden Vasquez of "the entire situation, and his immediate need for medical treatment," but that Warden Vasquez did nothing to correct the problem.

#### a. *Deliberate Indifference to Serious Medical Needs*

Plaintiff makes no allegations as to Warden Vasquez having any medical training. Warden Vasquez is not a physician or medical provider per C.C.R. Title 15, Section 3354, so as to have personally diagnosed and rendered medical treatment to Plaintiff.

#### b. *Inmate Appeals & Due Process*

It appears that Plaintiff's claims against Warden Vasquez might be based on the processing, and reviewing of his inmate appeals/grievances since Plaintiff alleges having informed Warden Vasquez of "the entire situation" on the same day that he filed a third and final level of inmate grievances. Plaintiff's allegations are unclear as to whether, on September 30, 2007, he contacted Warden Vasquez separate from his third and final level of grievance(s), or he informed Warden Vasquez of "the entire situation, and his immediate meed for medical treatment" via his third and final level of grievances.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995).

7

Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals/grievances, Plaintiff fails, and is unable to state a cognizable claim purely for the processing and/or reviewing thereof. However, Plaintiff may be able to state a cognizable claim under the Eight Amendment for deliberate indifference to his serious medical needs against medical personnel who were involved in reviewing his medical grievances. If Plaintiff states a cognizable claim against a defendant for deliberate indifference to his serious medical needs, he would likely also be able to state a cognizable claim against defendants with medical training if they reviewed and ruled against Plaintiff, or failed to act, on his medical grievances/appeals on

that same issue.

Plaintiff fails to allege whether Warden Vasquez has any medical training. While the Ninth Circuit has not addressed the issue of non-medical administrators reviewing medical grievances, the Seventh Circuit has held that "[o]nce a prison grievance examiner [without medical training] becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (citing Spruill, 372, F.3d at 236.). This Court concurs with the Greeno Court's analysis.

Since Warden Vasquez does not have medical training, Plaintiff is unable to state a claim against him for his processing of and/or ruling on Plaintiff's medical grievances/appeals.

Further, even if Warden Vasquez was medically trained, Plaintiff fails to state a cognizable claim against Warden Vasquez for reviewing Plaintiff's grievances regarding Nurse Woolfolk preventing him from seeing the optometrist and receiving necessary breathing treatment, since, as discussed above, Plaintiff fails to show deliberate indifference by Nurse Woolfolk for those actions. As to Plaintiff's cognizable allegation that Nurse Woolfolk was deliberately indifferent to his serious medical condition by failing to administer his antibiotics and allow his dressings to be changed daily, as per his prior physician's orders, it appears that this incident was resolved on September 6, 2007 when "prison doctors prescribed two (2) anti-biotics (sic) and daily dressing changes for Plaintiff." (Doc. 1, pg. 3.) This being the case, the Court fails to see how Warden Vasquez could have been deliberately indifferent to Plaintiff's medical condition since the issue occurred and was rectified twenty-four (24) days prior to Plaintiff contacting Warden Vasquez.

Thus, Plaintiff fails to state a cognizable claim against Warden Vasquez regarding the processing of his medical grievances.

### c. *Supervisorial Liability*

Warden Vasquez holds a supervisorial position.

Plaintiff is advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a

named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

For the reasons discussed above, Plaintiff has not alleged any facts to state a cognizable claim against Warden Vasquez for personally participating in any alleged deprivation(s) of constitutional rights; knowing of the violations and failing to act to prevent them; or promulgating or "implement[ing] a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in any amended complaint how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). An amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the Court as viable/cognizable in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.

11

IT IS SO ORDERED.

**Dated:     January 21, 2009**                               **/s/ Sandra M. Snyder**
                                                       UNITED STATES MAGISTRATE JUDGE