IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE BRUNER,<br><br>        Plaintiff,<br><br>    vs.<br><br>WASCO STATE PRISON, et al.,<br><br>        Defendants. | 1:07-cv-01531-SMS-PC<br><br>ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO OBEY A COURT ORDER<br>(Doc. 10.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Ronnie Bruner ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on October 22, 2007. (Doc. 1.) On November 7, 2007, plaintiff consented to Magistrate Judge jurisdiction, and no other parties have appeared. 28 U.S.C. § 636(c)(1). (Doc. 7.) On March 12, 2009, this action was assigned to the undersigned for all further proceedings. (Doc. 11.)

On January 22, 2009, the court screened the complaint pursuant to 28 U.S.C. 1915A and issued an order for plaintiff to either file an amended complaint curing the deficiencies identified by the Court or notify the court in writing he wishes to proceed only on the claims found cognizable by the Court, within thirty days. (Doc. 10.) The thirty day period has now expired, and plaintiff has not filed an amended complaint or otherwise responded to the court's order.[1]

---

[1] The United States Postal Service returned the order on January 30, 2009 as undeliverable. A notation on the envelope indicates that plaintiff paroled from prison. However, plaintiff has not notified the court of any change in his address. Absent such notice, service at a party's prior address is fully effective. Local Rule 83-182(f).

1

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending for nearly seventeen months. Plaintiff's failure to keep the court apprised of his current address may reflect Plaintiff's disinterest in prosecuting his case. In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not help himself by sending the court a notice of change of address. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Bruner's failure to set forth clear claims in the first instance and to keep the Court apprised of his current address in the second instance that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Bruner is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

///

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, based on Plaintiff's failure to obey the Court's order of January 22, 2009; and

2. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   March 19, 2009**               /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE